UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DR. VERONICA ANN WILLIAMS,<br><br>                  Plaintiff,<br><br>            -against-<br><br>HSBC BANK USA, N.A.; GOLDMAN SACHS; FREMONT HOME TRUST 2006-C MORTGAGE-BACKED CERTIFICATES, SERIES 2006-C; ONITY GROUP INC.; STERN & EISENBERG P.C.,<br><br>                Defendants. | 26-CV-3861 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action concerning the foreclosure of her home in New Jersey. Named as Defendants are entities that are allegedly associated with the foreclosure, namely: (1) HSBC Bank USA, N.A.; (2) Goldman Sachs; (3) Fremont Home Trust 2006-C Mortgage-Backed Certificates, Series 2006-C; (4) Onity Group Inc.; and (5) Stern & Eisenberg. For the following reasons, this action is transferred to the United States District Court for the District of New Jersey.

## DISCUSSION

Where a plaintiff files duplicative or substantially similar actions, in two different districts, there is a strong presumption in favor of the forum of the first-filed suit. *See New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991). On September 1, 2025, Plaintiff filed a complaint against many of the same Defendants in this action, concerning the same foreclosure, in the United States District Court for the District of New Jersey. *See Williams v. HSBC Bank, USA, N.A.*, No. 25-CV-15147 (MEF) (JSA) (D.N.J., complaint filed Sept. 1, 2025) (ECF No. 1). By order dated January 6, 2026, that court adopted in full a magistrate judge's recommendation

that the complaint be dismissed for lack of subject-matter jurisdiction. (*Id*. at ECF No. 20.) That court also granted Plaintiff leave to file an amended complaint to show the existence of subject matter jurisdiction of her claims. (*Id*.)

Instead of filing an amended complaint in the District of New Jersey, on May 8, 2026, Plaintiff commenced a new action by filing a complaint in this court, naming nearly identical parties and making highly similar identical allegations. Among the allegations made in both complaints is Plaintiff's assertion that "this matter should be heard in the United States District Court of New Jersey." (ECF No. 1, at ¶ 2; *see also id*. at ¶ 3 ("Venue is appropriately laid in the Federal Court Essex Vicinage because the Plaintiff resides in New Jersey.").) This Court agrees.

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

This court does not appear to be a proper venue under Section 1391(b)(1). While Plaintiff provides addresses in Manhattan for Defendants HSBC Bank USA, N.A., Fremont Home Loan Trust 2006-C Mortgaged Backed Certificates, Series 2006-C, and Goldman Sachs, she provides an address for Defendant Onity Group Inc. in Florida and Defendant Stern & Eisenberg in Pennsylvania. Because not "all defendants are residents of the State in which the district is located," Section 1391(b)(1), venue does not appear proper in this court under that provision.

2

As to Section 1391(b)(2), Plaintiff's allegations suggest that at least some of Defendants' conduct emanated from this district. It is therefore arguably that venue may be proper here. Plaintiff directly alleges that Defendants violated her rights in New Jersey, where Defendants allegedly participated in or otherwise caused the foreclosure of her home in that state. Venue is therefore proper in the District of New Jersey and may be proper here under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in New Jersey, where the home subject to foreclosure is located and where Plaintiff previously chose to initiate litigation concerning the foreclosure, and it is reasonable to expect that all relevant documents and witnesses also would be in New Jersey. The District of New Jersey appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the District of New Jersey. 28 U.S.C.

§ 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 13, 2026
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

4